IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY STALLSWORTH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) Civil Action No. 11-1086 | |
| | ) Judge David S. Cercone | |
| | ) Magistrate Judge Maureen P. Kelly | |
| DR. S. JIN M.D., Medical Director, IRMA | ) | |
| VIHLIDAL Health Care Administrator, | ) | |
| MICHELLE LUCAS ANTANOVICH, P.A., | ) | |
| JOHN MCANANY, Nurse Supervisor, | ) | |
| LOUIS FOLINO, Superintendent , | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

For the reasons set forth herein, it is respectfully recommended that this action be dismissed with prejudice as a result of Plaintiff's violation of four separate Court Orders resulting in his failure to timely prosecute this action.

**II.     REPORT**

**A.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Timothy Stallsworth, an inmate at the State Correctional Institution at Greene ("SCI Greene"), has presented a civil rights complaint which he has been granted leave to prosecute without prepayment of costs.  The Complaint alleges that Defendants violated his constitutional rights by failing to properly treat a foot injury.  [ECF No. 3]  In particular, Plaintiff alleges that after approximately 40 visits for medical treatment, MRI images, orthotics, pain medication, and outside surgical consultations, he has received inadequate care resulting in damage to his left foot, which he contends violates his rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.  Id.

1

On May 16, 2012, this Court issued an Order directing Plaintiff to file his Amended Complaint no later than June 1, 2012. [ECF No. 33] In the Order, this Court specifically instructed Plaintiff that given his history of ignoring several prior Orders, failure to comply would result in the recommendation that this action be dismissed with prejudice for failure to prosecute. To date, Plaintiff's Amended Complaint has not been received by the Court and, as indicated in the Order, it is respectfully recommended that this action be dismissed with prejudice.

This Court's Order of May 12, 2012, was entered in response to a letter from Plaintiff seeking to excuse his violation of three prior Orders issued by the Court. [ECF No. 32]. In particular, on January 3, 2012, this Court entered a text Order granting Plaintiff an extension of time until January 28, 2012, to file a response to a Motion to Dismiss filed on December 12, 2011, on behalf of Defendants Folino, McAnany and Vihlidal [ECF No. 10]. On January 5, 2012, this Court entered a second Order requiring Plaintiff to file a response to a Motion to Dismiss filed on behalf of Defendants Antanovich and Jin by January 28, 2012. [ECF No. 21]. Instead of filing his response by January 28, 2012, Plaintiff delayed until February 16, 2012, to file a perfunctory Motion for Leave to File an Amended Complaint. [ECF No. 28]. By Order entered March 12, 2012, Plaintiff was granted until April 4, 2012, to file his Amended Complaint, however, this deadline passed without compliance by Plaintiff. [ECF No. 30]. Accordingly, on April 17, 2012, this Court entered an Order to Show Cause why this action should not be dismissed for Plaintiff's failure to prosecute. [ECF No. 31]. On May 2, 2012, Plaintiff filed a letter response indicating that he had not secured legal representation as hoped and requesting an additional extension and further requesting, for the third time, the appointment of counsel on his behalf. [ECF No. 32]. In an abundance of leniency and caution, the Court

granted Plaintiff until June 1, 2012, to file an amended complaint.  In addition, given Plaintiff's

failure to set forth any additional grounds not previously considered by the Court in support of

his request for counsel, Plaintiff's request for appointment of counsel was denied.  As of today,

Plaintiff has again failed to comply with an Order of Court requiring him to timely file his

Amended Complaint.

It is clear that the punitive dismissal of an action for failure to comply with court orders is

left to the discretion of the court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In

determining whether an action should be dismissed as a sanction against a party the court must

consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty

Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1)    The extent of the party's personal responsibility.
>
> (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3)    A history of dilatoriness.
>
> (4)    Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6)    The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's Orders so

that the case could proceed, which weighs heavily against him.  Plaintiff's repeated failure to

comply with this Court's Orders was solely his personal responsibility and his failure to do so

appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's

failure to comply with this Court's orders -- other than the expense of filing a motion seeking

dismissal of the case, there appears to be no specific prejudice to Defendants other than general

delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, because he has repeatedly failed to comply with the Court's Orders so that the case may proceed, it appears that Plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: June 11, 2012

cc:     The Honorable David S. Cercone
        United States District Judge

        All counsel of record by Notice of Electronic Filing